THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **CYPRESS DRILLING, INC.** | * | **CIVIL ACTION NO. 06-0556** |
| Versus | * | **JUDGE JAMES** |
| **WILLIAM K. GRIFFIN III, JOHN ANDREW GRIFFIN d/b/a GRIFFIN AND GRIFFIN EXPLORATION, GRIFFIN AND GRIFFIN EXPLORATION, INC., INTERSTATE FIRE AND CASUALTY COMPANY** | * | **MAGISTRATE JUDGE HAYES** |

**MEMORANDUM RULING**[1]

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Transfer Venue (Doc. #21-1) filed by Defendants, William K. Griffin III, John Andrew Griffin, and Griffin and Griffin Exploration, L.L.C., (hereinafter collectively "Griffin") and Interstate Fire and Casualty ("Interstate"), pursuant to 28 U.S.C. §1404(a). For reasons stated below, the motion is **DENIED**.

In April 2005, Cypress and Griffin entered into a contract to drill a total of ten natural gas wells for Griffin in Wilkinson County, Mississippi. According to the complaint, the site provided by Griffin suffered a structural failure that caused the drilling rig to overturn during the course of the drilling. Plaintiff, Cypress Drilling, Inc. ("Cypress"), filed suit against Griffin and

---

[1]As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Interstate on February 15, 2006, in the Fourth Judicial District Court of Ouachita Parish, State of Louisiana, seeking to recover damages that resulted from the drilling rig's collapse. Cypress's state court petition alleges that Griffin breached its contract with Plaintiff by not constructing a proper location site for drilling operations at the well site as required by the contract.

After Cypress filed suit in state court, Defendants properly removed the action to this Court under 28 U.S.C. § 1441(a).[2] Defendants now seek to transfer venue to the Southern District of Mississippi pursuant to 28 U.S.C. § 1404(a). Although not claiming that the Western District of Louisiana is an improper venue, Defendants assert that the Southern District of Mississippi is the preferred venue because: (1) none of the defendants or fact witnesses are from Louisiana; (2) all of the substantial events giving rise to the claim occurred within the boundaries of the Southern District of Mississippi; (3) all of the property at issue is located in Mississippi; and (4) the contract at issue contains a choice of law stipulation calling for the application of Mississippi law.

## LAW AND ANALYSIS

Defendants argue that this Court should transfer this action to the Western District of Mississippi under 28 U.S.C. § 1404(a) for the convenience of the witnesses, convenience of the parties, and in the interest of justice. It is well settled that the decision to transfer a case pursuant to 28 U.S.C. § 1404(a) is a matter within the trial court's discretion. *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988); *Bearden v. United States*, 320 F.2d 99 (5th

---

[2]This Court has subject matter jurisdiction because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. The Griffin defendants are all Mississippi domiciliaries, defendant Interstate is an Illinois corporation, and plaintiff Cypress is a Louisiana corporation.

2

Cir.1963), *cert. denied*, 376 U.S. 922, 84 S.Ct. 679, 11 L.Ed.2d 616 (1964).  Section 1404(a) authorizes the transfer of a civil action from one federal forum in which the venue is proper to another federal forum in which venue is proper and "where it might have been brought," if the court determines that the transfer is "(f)or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809 (1964)(citing *Continental Grain Co. v. Barge F.B.L. -- 585*, 364 U.S. 19, 26-27, 80 S.Ct. 1470, 1474-75 (1960)).  Since it is undisputed that this suit was properly filed in a Louisiana state court, properly removed to the Western District of Louisiana, and could originally have been brought in the Southern District of Mississippi,[3] the only issue before this Court is whether a transfer is "for the convenience of parties and witnesses, in the interest of justice."

Under section 1404(a), the moving party carries the burden of proving that a change of venue is warranted.  *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *Becnel v. Smile Community Action Agency, Inc.*, 207 F.Supp 2d. 520, 522 (M.D.La., 2001).  A defendant who moves for a transfer under section 1404(a) is required to show; (1) that the original forum is inconvenient for him, and (2) that the plaintiff would not be substantially inconvenienced by the transfer. 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3849, at 408 (1986). Accordingly, when assessing a motion to transfer venue, a court must consider whether a transfer would make it *substantially* more convenient for the parties to produce evidence or witnesses. *E.g., Koehring Co. v. Hyde Construction Co.*, 324 F.2d 295, 296 (5th Cir.1963) (emphasis added).

---

[3] 28 U.S.C. § 1391 allows civil actions founded on diversity of citizenship to be brought in a judicial district in "which a substantial part of the events or omissions giving rise to the claim occurred."  The drilling site collapse occurred in Wilkinson County which is located within the Southern District of Mississippi.

While a 1404(a) transfer requires a lesser showing of inconvenience than is necessary to obtain a *forum non conveniens* dismissal, the moving defendant still carries the burden to prove that the balance is strongly in favor of the requested venue. *See Icon Indus. Controls Corp. v. Cimetrix, Inc.*, 921 F.Supp. 375, 383 (W.D.La. 1996); s*ee also Davidson v. Exxon Corp.*, 778 F.Supp. 909, 911 (E.D.La.1991); *AT & T v. MCI Communications Corp.*, 736 F.Supp. 1294, 1306 (D.N.J.1990); *Lee v. Hunt*, 431 F.Supp. 371, 380 (W.D.La.1977). The factors to be considered in a section 1404(a) inquiry are the same as the *forum non conveniens* factors set forth in *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947): (1) convenience of the witnesses (including cost to attend trial and availability of compulsory process); (2) convenience to the parties (relative ease of access to proof, location of exhibits, possibility of viewing premises, enforceability of a judgment, and possibility that plaintiff is harassing defendants by selecting inconvenient forum); (3) public interests (congestion of court docket, whether jury duty should be imposed on citizens for cases arising outside their docket, desirability of settling local questions locally, and whether the court is familiar with the law that governs the case). *Icon Indus. Controls Corp.*, 921 F.Supp., at 383. Of these categories, the convenience of witnesses is most important. *Id*.

**1. Convenience of the Witnesses**

In order for this Court to approve a transfer of venue, the party seeking a transfer for the convenience of witnesses must clearly specify the key witnesses and make a general statement of what their testimony will cover. *Southern Investors II v. Commuter Aircraft Corp.*, 520 F.Supp.

212, 218 (M.D.La.1981); *see also* 15 Wright, Miller & Cooper § 3851, at 425. The emphasis is not on the number of prospective witnesses, but rather on the materiality and importance of their anticipated testimony. *Young v. Armstrong World Industries, Inc.*, 601 F.Supp. 399, 401 (N.D.Tex.1984). Here, the only key witnesses for which Defendants provide the necessary general statements of what the testimony will cover are the employees of R.W. Delaney Construction Co. ("Delaney"), the company contracted to prepare the drilling site. (Doc. #21-5).[4] Without a specific showing of what the testimony of the other named witnesses may be, this Court may not consider those witnesses in its decision regarding the witnesses' convenience. *See Southern Investors II*, 520 F.Supp at 218-19.

Defendants argue that this Court lacks the power to compel the attendance of Delaney's employees, assuming the employees are unwilling to appear voluntarily for trial. While it is true that under Federal Rule of Civil Procedure 45(b)(2) this Court may lack subpoena power to force some of the Delaney employees to appear at trial,[5] those witnesses can be subpoenaed for depositions which can be used at trial in lieu of their live testimony. Additionally, Defendants could also cure the lack of availability of compulsory process by impleading Delaney under Federal Rule of Civil Procedure 14 should they so desire.

---

[4]In their lists of necessary witnesses, Defendants include two employees of Griffin & Griffin Exploration, LLC. (William K. Griffin and Bob Boyette), a consulting engineer (Frank Heathman), a consulting geologist (Clark Nerren), and the land owners (Robert and Charles Miller). Defendants failed to give a general explanation as to what these witnesses, testimony will cover.

[5]Of the five Delaney employees listed as necessary witnesses, only Milton Green and Randy Delaney live within 100 miles of the federal courthouse at 201 Jackson St., Monroe, La. Using Mapquest.com, both these potential witnesses live 99 miles from the Monroe Federal Courthouse, and thus are within the subpoena power of this court.

The second consideration when arguing the convenience of witnesses is that the plaintiff's witnesses cannot be substantially inconvenienced by the proposed transfer. In an affidavit, Donnie Mixon, vice-president of Cypress, lists over thirty key witnesses and gives a general description as to these witnesses' expected testimony. (Doc. #25-2). These witnesses range from the parties themselves to drilling contractors as far away as Houston, Texas. Of the thirty-three witnesses listed, only five are closer to Natchez than to Monroe, with two being parties or parties' employees (William K. Griffin and Bob Boyette), one being Cypress's expert witness (Charles Furlow), one a likely third-party defendant (Randy Delaney), and the final a drilling consultant from Houma, Louisiana (Willis Cunningham). This Court believes that the defendants have shown nothing more than that a transfer would shift any possible inconvenience from the defendants to the plaintiff.

### 2. Convenience of the Parties

When examining the convenience of the parties, the Court looks to the ease of access to proof, location of exhibits, possibility of viewing premises, enforceability of a judgment, and the possibility that the plaintiff is harassing the defendant by choosing an inconvenient forum. *Icon Indus. Controls Corp.*, 921 F.Supp., at 383. Neither ease of access to proof, locations of exhibits, possibility of viewing the premises, nor enforceability of a judgment plays a decisive role under the circumstances of this case. Documents necessary for the defense of this suit are easily accessible in either district. The contract itself has already been attached to the pleadings. Other documents, such as invoices for repair and expert reports, can easily be transferred. Also, while seeing the site itself might be useful, so would a visit to the damaged drilling rig, currently

6

housed in West Monroe. Both parties argue that it would be more convenient for their own side if the litigation were in the venue each prefers,[6] but Defendants have failed to persuade the Court that they would be substantially inconvenienced by trial in Monroe.

The Court does consider the possibility that Cypress is harassing Defendants by choosing an inconvenient forum.[7] Generally, when weighing a motion to transfer venue, a plaintiff's choice of forum is entitled to considerable deference. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir.), *cert. denied*, 493 U.S. 935, 110 S.Ct. 328, 107 L.Ed.2d 318 (1989); *Schexnider v. McDermott International, Inc.*, 817 F.2d 1159, 1163 (5th Cir.), *cert. denied*, 484 U.S. 977, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987). However, such deference is lessened when the operative facts of the dispute occur outside the plaintiff's chosen forum. *AT & T*, 736 F.Supp., at 1306. Despite the plaintiff's characterization of this matter as purely a breach of contract claim, given that the event of the drilling rig's collapse itself occurred outside Cypress's chosen forum, this Court will not give Cypress's choice of venue the "considerable deference" to which a plaintiff's choice of venue is normally entitled.

---

[6]For example, Cypress contends that the contract interpretation itself is the central evidence along with the damaged rig (currently in West Monroe after being transported from Mississippi for repairs). Defendants argue that the site itself is the central evidence in the case, not the damages resulting from the drilling rig's collapse. Clearly, both will be relevant in the final determination of this case.

[7]Defendants allege that Cypress is forum shopping based on Cypress's initial filing of the same law suit in the Western District of Louisiana. Defendants filed a 12(b)(3) Motion to Dismiss for Improper Venue. Before answering this motion, Cypress voluntarily withdrew the suit and re-filed in state court where Defendants subsequently removed the action to the Western District of Louisiana.

However, Griffin and Interstate still carry the burden of proving that Cypress's choice of venue causes substantial inconvenience to them, and that transferring the venue to Natchez would not cause substantial inconvenience to Cypress. This Court does not find Cypress to be harassing Griffin and Interstate by choosing the Western District of Louisiana in Monroe as opposed to the Southern District of Mississippi in Natchez. Interstate is incorporated in Illinois, so the inconvenience to it is the same whether trial is held in Monroe or Natchez. While the Griffin defendants have argued that Natchez is a more convenient forum for them, Griffin is actually located in Jackson, Mississippi. The distance from Jackson to Natchez is 116 miles with a driving time of 2.2 hours. The distance from Jackson to Monroe is 120 miles with a driving time of 1.8 hours.[8] Clearly, this negligible difference is not such as to create a substantial inconvenience to Griffin which would justify a transfer over the opposition of the plaintiff. On the other hand, a transfer to Natchez would greatly increase the inconvenience to Cypress in that Cypress would have to travel 97 miles to Natchez as opposed to remaining in Monroe for trial.

### 3. Public Interests

Of the factors listed previously, there is no need for lengthy analysis of the congestion of the courts' docket, the burden of jury duty, or the desire to settle local questions locally because neither side presented argument or evidence that those factors weigh heavily for either side. As for the issue of the choice of Mississippi law provision in the contract and the Court's familiarity with this law, it is undisputed that the contract entered into between Cypress and the defendants provides that the agreement shall be construed and enforced in accordance with and under the

---

[8] All distances and travel times come from Mapquest.com.

laws of the State of Mississippi. The fact that a federal court may need to apply state law from a different forum is not to be accorded great weight in deciding a motion to transfer, especially where the applicable state law appears to be clear. *See Busch v. Sea World of Ohio*, 95 F.R.D. 336, 341 (W.D.Pa.1982); *Breindel v. Levitt and Sons, Inc.*, 294 F.Supp. 42, 44 (E.D.N.Y.1968). Griffin and Interstate have made no contention that Mississippi law in this area is unsettled or unclear, nor have they contended that this Court would encounter any difficulty in applying Mississippi law. Defendants simply state that the Mississippi federal court "will be more familiar with its own body of law." (Doc. #21-2). Moreover, as the court recognized in *Ocean Science and Engineering, Inc. v. International Geomarine Corp.*, 312 F.Supp. 825 (D.Dela.1970), "[F]or this court to apply foreign law is not such an unusual circumstance to require transfer." *Ocean Science*, 312 F.Supp. at 830. This Court has encountered no difficulties in applying Mississippi state law in other cases, does not foresee such difficulty in this case; therefore, the parties' selection of Mississippi state law in the contract does not weigh in favor of transferring venue.

## **CONCLUSION**

In light of the above considerations, the Court concludes that this case should not be transferred from this venue. Defendants have failed to demonstrate that the balance of factors necessitates a transfer. Crucial to the Court's decision is that the most important factor, the convenience of the witnesses, would not be significantly improved by a transfer. In fact, a change in venue would simply transfer any possible inconvenience from the Defendants to Cypress's key witnesses. **Therefore, for the reasons stated above, the Motion to Transfer**

9

**Venue is DENIED.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 31st day of July 2006.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE