UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CYPRESS DRILLING, INC.** | **CIV. ACTION NO. 06-0556** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **WILLIAM K. GRIFFIN, III, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

RULING

This case arises from a drilling contract between Plaintiff Cypress Drilling, Inc. ("Cypress") and Defendants William K. Griffin, III; John Andrew Griffin; Griffin & Griffin Exploration; and Griffin & Griffin Exploration, Inc. (collectively "Griffin"). Cypress brought suit against Griffin and Interstate Fire and Casualty Company ("Interstate"), alleging that Cypress suffered damage to its drilling rig and component parts as a result of Griffin's failure to provide a sound location and that Griffin has failed to pay for the damages. Additionally, Cypress alleges that Griffin has failed to pay amounts due under the contract for the well Cypress drilled and improperly secured the services of another company to drill the remaining nine (9) wells.

On April 17, 2009, Griffin and Interstate filed a Motion for Summary Judgment [Doc. No. 77], seeking the dismissal of Cypress's claim for damages to the rig because Cypress has no property interest in the rig and thus is not a proper party plaintiff.

For the following reasons, Griffin and Interstate's Motion for Summary Judgment is DENIED.

**I. FACTS**

In October 2003, Mixon Bros. Drilling, Inc. ("Mixon Bros."), was in the process of

1

negotiating with outside companies to provide drilling services. Ultimately, Mixon Bros. decided to reinstate a dormant corporation, Cypress, to provide drilling services. Donnie and Vikki Mixon are shareholders in and officers of both corporations, Mixon Bros. and Cypress.

On November 1, 2003, Mixon Bros., as lessor, and Cypress, as lessee, executed a Lease of Movables ("Lease"), which provides as follows:

> LESSOR hereby leases to LESSEE and LESSEE hereby leases from LESSOR the following described items, to-wit:
>
> **See Exhibit "A" attached hereto and made a part hereof.**

[Doc. No. 80, Exh. A (emphasis in original)]. However, Exhibit A, listing the movables leased, did not include Rig #7, the drilling rig at issue in this case (hereinafter "Rig #7"). At the time the Lease was executed Rig #7 was "not available" because it was not yet operational. [Doc. No. 88, Exh. E, Vikki Mixon Depo., pp. 20-21].

On November 3, 2003, the documents necessary to reinstate Cypress were filed with the State of Louisiana.

In approximately September 2004, almost one year after the Lease was executed, at the instruction of her accountant, Vikki Mixon prepared an attachment to the original lease to include Rig #7, which is identified in the attachment as "6000 Spencer-Harris drilling rig." No new lease or addendum was prepared, and the attachment was not signed or dated by the parties. However, Mrs. Mixon explained that the attachment to the lease was to make "everything clear of what we were leasing in the bookkeeping," including Rig #7. [Doc. No. 88, Exh. E, Vikki Mixon Depo., p. 21].

In 2005, Cypress and Griffin entered into a drilling contract in which they agreed that

2

Cypress would drill a total of ten wells for Griffin, as operator, at locations in Wilkinson County, Mississippi. The drilling contract contains a choice of law provision calling for the application of Mississippi law.

On May 8, 2005, while Cypress was conducting drilling operations at the location furnished by Griffin for the BR-F-46 well, the location allegedly collapsed, cratered, or shifted, so that Rig #7 overturned and sustained damages. [Doc. No. 1, ¶11].

On March 6, 2006, Cypress filed suit against Griffin and Interstate in the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana.

On March 31, 2006, Griffin and Interstate removed the case to this Court.

On January 9, 2007, with leave of Court, Griffin and Interstate filed a Third Party Complaint against Third Party Defendant R.W. Delaney Construction Company ("Delaney"), alleging that Delaney furnished the labor, equipment, material, and direction to prepare the drilling location at issue and that, if Griffin and Interstate are liable to Cypress, Delaney is liable under the contract between Griffin and Delaney.[1]

Since that time, Cypress has amended its original petition three times, and several continuances of the trial date have been granted to allow the parties to complete discovery. On April 17, 2009, Griffin and Interstate filed the instant Motion for Summary Judgment, seeking partial summary judgment that Cypress is not entitled to recover damages to Rig #7.

On May 4, 2009, Cypress filed a memorandum in opposition [Doc. No. 80].

On June 25, 2009, with leave of Court, Griffin and Interstate filed a Supplemental

---

[1] Delaney has also filed a Motion for Summary Judgment [Doc. No. 75], which will be addressed separately.

Memorandum in Support of their Motion for Summary Judgment [Doc. No. 88].

## II. LAW AND ANALYSIS

### A. Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet its initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Cypress's Alleged Interest Rig #7

The sole basis for Griffin and Interstate's Motion for Summary Judgment is that Cypress did not own or lease damaged Rig #7 at the time of the incident and thus is not a proper party plaintiff. Cypress opposes the motion on the basis that it leased Rig #7 from Mixon Bros. and further requests attorney's fees because Griffin and Interstate unreasonably failed to withdraw their Motion for Summary Judgment when they had been provided with a copy of the lease.

First, the Court considers the law to be applied to this issue. Griffin contends, and the Court agrees, that the choice of law provision in the drilling contract between Griffin and Cypress requires Mississippi law to be applied to any interpretation of that contract. However, this is not an issue requiring interpretation of the drilling contract. Rather, the issue is whether Cypress had a property interest in Rig #7 on the date of the accident based on the Lease or modification of the Lease from Mixon Bros. to Cypress. Thus, this is an interpretation of contract formation and/or modification between two Louisiana corporations under Louisiana law.[2]

The Court now turns to Cypress's purported interest in Rig #7. It is undisputed that Mixon Bros. and Cypress entered into a lease of movables in October 2003, that Cypress paid the fee contemplated in the lease, and that the leased equipment was identified in Exhibit A to the Lease. It is further undisputed that, at that the time the Lease was executed Rig #7 was not functional and, thus, was not listed in Exhibit A, the description of the moveables. Finally, it is undisputed that, at the behest of the accountant for Mixon Bros. and Cypress, Vikki Mixon, prepared an attachment to the Lease to include a description of Rig #7, but the attachment was not signed, witnessed, or

---

[2]Indeed, it would be an absurd result if Mississippi law governed the formation and/or modification of a lease entered into by two Louisiana corporations two years before the drilling contract between Cypress and Griffin was executed.

notarized, nor was the Lease formally amended.

A lease "is a synallagmatic contract by which one party, the lessor, binds himself to give to the other party, the lessee, the use and enjoyment of a thing for a term in exchange for a rent that the lessee binds himself to pay. The consent of the parties as to the thing and the rent is essential but not necessarily sufficient for a contract of lease." LA. CIV. CODE art. 2668. Under the Louisiana Lease Act ("the LLA"), the general law applicable to conventional obligations applies to leases, unless there is a specific LLA provision applicable. LA. CIV. CODE art. 2669.

A contract for lease of a corporeal[3] moveable need not be in writing. *See* LA. CIV. CODE arts. 461, 1846 & 2681. Even if the original lease is in writing, a modification of the lease of moveables need not be in writing. As the Louisiana Fifth Circuit Court of Appeals recently explained:

> . . . [T]he law is clear that written contracts may be modified by oral contracts and the conduct of the parties, even when the written contract contains a provision that change orders must be in writing. . . . Modification of a written agreement can be presumed by silence, inaction, or implication. . . . The party who asserts that an obligation has been modified must prove by a preponderance of the evidence facts or acts giving rise to the modification. . . . It is a question of fact, therefore, as to whether there were oral agreements that modified the written contract. . . . Oral modifications alleged to be in excess of $500 must be proved by at least one "credible witness" and "other corroborating circumstances." Only general corroboration is required. . . . Parol evidence is admissible for this purpose.

*Lantech Const. Co., L.L.C. v. Speed*, --- So.3d ----, 2009 WL 1464129, at *4 (La. App. 5 Cir. 5/26/09) (citing LA. CIV. CODE art. 1846) (other citations omitted). The one witness may be the plaintiff, and "'other corroborating circumstances' need only be general in nature," although the evidence "may not . . . result from the plaintiff's own actions." *Kilpatrick v. Kilpatrick*, 27,241 (La.

---

[3]"Corporeals are things that have a body, whether animate or inanimate, and can be felt or touched." LA. CIV. CODE art. 461.

6

App. 2 Cir. 8/23/95); 660 So.2d 182, 185 (citations omittted).[4]

Additionally, Louisiana recognizes the concept of an implied contract. "[T]he existence of a contract can be implied from the parties' actions and conduct that indicate a mutual intent to be bound to their respective obligations." *R.R. Mgmt. Co. LLC v. CFS La. Midstream Co.*, 428 F.3d 214, 222 (5th Cir. 2005) (citing LA. CIV. CODE art. 1927; *Ill. Cent. Gulf R.R. Co. v. Int'l Harvester Co.*, 368 So. 2d 1009, 1011-12 (La. 1979)). "An implied contract is formed where the mutual intent to be bound is inferred from the conduct of the parties under the circumstances." *Id.* (citing *Haws & Garrett Gen. Contractors, Inc.*, 480 S.W.2d at 609; *Morphy, Makofsky & Masson, Inc. v. Canal Place 2000*, 538 So. 2d 569, 573 (La. 1989)).

Griffin and Interstate have relied on the January 11, 2008 deposition of Donnie Mixon. Mr. Mixon testified that Cypress "borrowed" Rig #7 from Mixon Bros. and that there was no lease in place. However, Donnie Mixon consulted Vikki Mixon about the business operations several times during his deposition until John Stewart Tharp, attorney for Griffin, instructed Mrs. Mixon to wait until her deposition to correct and add to Mr. Mixon's testimony. [Doc. No. 80, Exh. 5, Dep. of Donnie Mixon, pp. 21-22]. When Mrs. Mixon again attempted to interject to correct Mr. Mixon's testimony later in the deposition, she was instructed by her attorney, James Carroll, that she would "get [her] chance" to testify. [Doc. No. 80, Exh. 5, p. 224]. Mr. Carroll also interposed an objection

---

[4]LA. CIV. CODE art. 1848 states:

Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as vice of consent, or a simulation, or **to prove that the written act was modified by a subsequent and valid oral agreement**.

7

on the record that Mr. Mixon continued to be questioned about business operations and that he was "guessing" when Mrs. Mixon had the information. [Doc. No. 80, Exh. 5, pp. 225, 230]. Thus, the Court finds Griffin's reliance on Mr. Mixon's testimony about business operations somewhat disingenuous factually.[5]

Vikki Mixon, who handled the business operations for Mixon Bros. and Cypress, testified that she prepared the attachment to the Lease to include Rig #7 to make "everything clear of what we were leasing in the bookkeeping." [Doc. No. 88, Exh. E, Vikki Mixon Depo., p. 21]. Mixon Bros. allowed Cypress to begin using Rig #7, and there is no dispute that Cypress continued to pay the $6000 lease amount originally contemplated.

Under these circumstances, the Court finds that the testimony of Vikki Mixon, corroborated by other evidence, is sufficient to raise a genuine issue of material fact for trial whether there was either a modification to the original lease or an implied lease between Mixon Bros. and Cypress under which Rig #7 was provided to Cypress for its use in drilling the wells for Griffin. Mr. Mixon's testimony, at the least, corroborates the existence of an implied lease. Further, if Cypress proves its status as lessee at trial, then Cypress was bound to "return [Rig #7 to Mixon Bros.] at the end of the lease in a condition that is the same as it was when the thing was delivered to him, except for normal wear and tear or as otherwise provided hereafter." LA. CIV. CODE art. 2683. Cypress "is liable for damage to the thing [leased] caused by his fault or that of a person who, with his consent, is on the premises or uses the thing." LA. CIV. CODE art. 2687; *see also* LA. CIV. CODE art. 2692. Accordingly, Griffin's Motion for Summary Judgment is DENIED.

---

[5]Of course, Mr. Mixon's belief as to whether a rig was "borrowed" or "leased" does not compel a legal conclusion either way. *See Howard Trucking Co., Inc. v. Stassi*, 485 So.2d 915, 918 (La.1986) ("Questions of law cannot be confessed or admitted.").

## C. Rule 11 Sanctions

Pursuant to Federal Rule of Civil Procedure 11(b),

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . .
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> . . .

FED. R. CIV. P. 11(b). If an attorney fails to comply with Rule 11(b), he faces sanctions pursuant to Rule 11(c). However, Rule 11(c) provides that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." FED. R. CIV. P. 11(c).

In this case, while counsel for Cypress asserts that the conduct of counsel for Griffin is sanctionable, Cypress has not filed a separate motion for sanctions, nor is there any indication that a draft motion has been served on Griffin's counsel. Counsel states only that Cypress provided the "lease to Defendants several times during discovery and has submitted the lease as summary-judgment proof in its opposition to Defendant Griffins' Motion for Summary Judgment." [Doc. No. 80, p. 6].

The Court finds that a motion for sanctions is not properly before it under Rule 11(c), and,

thus, any such motion is DENIED. The Court notes, however, that counsel for Griffin and Interstate should have fully explained the basis for its Motion for Summary Judgment in the original memorandum, rather than supplementing that memorandum after Cypress's opposition was received. By presenting Mr. Mixon's testimony without Mrs. Mixon's testimony, counsel left the impression with the Court that no lease existed at all. In truth, a lease existed, but Griffin and Interstate dispute whether that lease was modified or amended to include Rig #7.

### III. CONCLUSION

For the foregoing reasons, Griffin and Interstate's Motion for Summary Judgment [Doc. No. 77] is DENIED. To the extent that Cypress moves for Rule 11 sanctions against counsel for Griffin and Interstate, its motion is also DENIED.

MONROE, LOUISIANA, this 30th day of June, 2009.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE