RECEIVED
IN MONROE, LA

MAY 20 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CYPRESS DRILLING, INC. | CIV. ACTION NO. 06-0556 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WILLIAM K. GRIFFIN, III, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Plaintiff Cypress Drilling, Inc. ("Cypress") brought suit against Griffin & Griffin Exploration, L.L.C. ("Griffin") and its insurer, Interstate Fire and Casualty Company ("Interstate"), alleging that Cypress suffered damage to its drilling rig and component parts as a result of Griffin's breach of contractual duty to provide a sound drilling location and that Griffin has failed to pay for the damages. Additionally, Cypress alleged that Griffin breached their contract by failing to pay amounts due for two wells Cypress drilled and by contracting with another company to drill wells covered by the contract between Cypress and Griffin. Griffin denied liability for damage to Cypress's rig and for unilateral termination of their contract. Although Griffin did not deny that Cypress properly billed it for amounts due and owing related to the drilling of two wells, it argued that it was entitled to a setoff for amounts it paid to the drilling contractor which replaced Cypress. Griffin brought a third party complaint against R.W. Delaney Construction Company ("Delaney"), which furnished the labor, equipment, material, and direction to prepare the drilling location at issue. Delaney denied liability.

After a six-day trial and extensive post-trial briefing, on March 31, 2010, the Court issued an Opinion and Judgment [Doc. Nos. 179 & 180]. The Court rendered judgment in favor of Cypress

1

and against Griffin on Cypress's breach of contract claims for amounts due and owing related to the drilling of two wells, but in favor of Griffin and against Cypress on Cypress's remaining breach of contract claims. The Court's Opinion rendered Griffin's third-party claim against Delaney and all pending motions moot.

On April 28, 2010, Cypress filed a timely Motion for New Trial [Doc. No. 49] pursuant to Federal Rule of Civil Procedure 59 on the basis of newly discovered evidence and manifest errors of law and fact. On May 14, 2010, Griffin and Delaney filed memoranda in opposition to the motion. [Doc. Nos. 195 & 196].

For the following reasons, Cypress's Motion for New Trial is DENIED.

## I. STANDARD OF REVIEW

Rule 59 of the Federal Rules of Civil Procedure governs motions for a new trial. A Rule 59(e) motion "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence" and "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). Typically, a motion grounded upon newly discovered evidence will not be granted unless (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching. *See La Fever, Inc. v. All-Star Ins. Corp.*, 571 F.2d 1367, 1368 (5th Cir. 1978) (citations omitted).

## II. ANALYSIS

Cypress's arguments primarily center on the Court's interpretation of Section 15 of the IADC

contract, which provides, in pertinent part, as follows:

> Operator should prepare a sound location, adequate in size and capable of properly supporting the drilling rig . . . In the event subsurface conditions cause a cratering or shifting of the location surface, . . . and loss or damage to the rig or its associated equipment results therefrom, Operator shall, without regard to other provisions of this Contract, reimburse Contractor to the extent not covered by Contractor's insurance, for all such loss or damage including payment of work stoppage rate during repair and/or demobilization if applicable.

[Exhibit 127]. In its Opinion, the Court determined that, based on the plain meaning of this contractual provision, "Cypress could recover damages from Griffin only if Griffin failed in its duty to 'prepare a sound location' and 'subsurface conditions cause[d] a cratering or shifting of the location surface,' resulting in 'loss or damage to the rig or its associated equipment.'"

However, the Court further determined that, even if its interpretation of the contract was incorrect, Cypress had failed to establish by a preponderance of the evidence that Griffin breached its duty to prepare a sound location.

In its Motion for New Trial, Cypress contends, first, that it is entitled to a new trial on the basis of newly discovered evidence which it could not have discovered in the exercise of due diligence. [Doc. No. 188, p. 1].[1] As "new" evidence, Cypress submits affidavits from its trial witnesses and experts, Charles Furlow ("Furlow") and Ken Fischer ("Fischer"), espousing the views that the Court incorrectly interpreted Section 15 of the IADC contract at issue by treating "cratering" and "shifting" as terms of art or technical terms and/or by requiring Cypress to show both the failure of the operator to provide a sound location and a cratering or shifting of subsurface conditions. Fischer, who is an IADC Regional Vice President, avers that the Court's interpretation is too narrow,

---

[1] The Court employs the numbering used by Cypress in its document, rather than the electronic page numbering at the top of each page.

3

and Furlow avers that cratering and shifting are not technical terms within the geotechnical engineering field. Second, in a companion argument, Cypress contends that the Court committed a manifest error of law by applying a "narrow interpretation to the terms used in the contract that exceeds the realm of reason given the plain language of the contract." [Doc. No. 188, p. 5]. Cypress moves the Court for an evidentiary hearing on the proper interpretation of the contract. Third, Cypress argues that the Court also committed a manifest error of fact by construing "facts in a manner not consistent with the facts submitted at trial" because the "facts when correctly analyzed show that the rig did indeed fall due to a faulty foundation." [Doc. No. 188, p. 5].

Griffin and Delaney both oppose the motion. Griffin argues that Cypress has failed to present any new evidence or to show manifest errors of law or fact, but, rather, has re-characterized and re-stated its original positions. Griffin submits an affidavit from its own expert, A.E. Templeton ("Templeton"), who disputes the statements of Furlow in his affidavit. Templeton avers that cratering and shifting, while not technical terms in a geotechnical textbook, refer to "certain types of failure that would result from an 'unsound location.'" [Doc. No. 195-2]. Finally, Griffin moves the Court for costs and attorney's fees.

Delaney also contends that Cypress has failed to present new evidence or to show manifest errors of law or fact. Delaney adopts the affidavit of Templeton submitted by Griffin and argues that it "shows the evidence submitted by [Cypress] is not new evidence but only its disagreement with the Court's Judgment." [Doc. No. 196, p. 4].

The Court finds no basis to grant Cypress's request for an evidentiary hearing or its Motion for New Trial. There is no newly discovered evidence that Cypress could not have obtained even in the exercise of due diligence. At trial, counsel for Delaney specifically raised the issue during

4

Furlow's testimony by pointedly asking him if there had been cratering or shifting. Counsel further briefed this argument in his post-trial brief filed on December 18, 2009. During six days of trial and extensive testimony by Furlow, Fischer, Paul Oldershaw, and a number of lay witnesses, Cypress had every opportunity to address Section 15 and its interpretation of that provision of the contract. Likewise, Cypress had further opportunity in its post-trial reply brief to address its interpretation of Section 15 of the IADC contract. *See* [Doc. No. 173]. On page 2 of that brief, Cypress argued as follows:

> . . . both Defendants allege that Section 15 of the contract requires that the Plaintiff prove that the foundation cratered and/or shifted in order to impose liability under the IADC contract on Griffin. Although it is the position of Cypress that the foundation did crater and/or shift as indicted by the testimony elicited at trial and the soil test results of Charles Furlow, the contract section actually states that it is the burden of Griffin to provide a "sound location." This is defined by the paragraph as a location that is "capable of properly supporting the drilling rig . . ." Id. That paragraph also puts the burden squarely on the shoulders of Griffin because Griffin "has superior knowledge of the location . . . and must advise Contractor of any subsurface conditions, or obstructions (**including, but not limited to,** . . . streams . . .)." Id., emphasis added. The section then imposes liability when the unsound location gives way causing damage to the rig, i.e., "cratering or shifting". Thus the cataclysmic failure of the foundation resulted in the accident and is the result of Griffin not providing a sound location as required by the contract and therefore subjects Griffin to the liability. . . .

[Doc. No. 169, pp. 2-3 (emphasis in original)].

Certainly, the Court was well aware that Cypress would not agree with its interpretation of the contract, but evidence in the way of two new affidavits from Furlow and Fishcher, witnesses at trial, on an issue that Cypress not only knew about, but argued and briefed is not "newly discovered evidence." The Court finds no new evidence upon which to base a new trial.

The Court further rejects Cypress's argument as to the manifest error of law in this matter. While Cypress and its witnesses may believe that the Court has interpreted the contract too narrowly,

they are merely re-hashing and re-arguing the points that Cypress made in its post-trial reply brief. The Court notes that Cypress's fixation on the Court's erroneous treatment of "cratering" and "shifting" as "terms of art" or "technical terms" is also misplaced. The Court recounted the general rules of contract interpretation under Mississippi law, but concluded that the words of the contract were "plain and their meaning clear." Applying the plain language of the contract, the Court concluded that Cypress's own soil expert, Furlow, did not find cratering or shifting, but only differential soil settlement.

Finally, even if the Court's interpretation of Section 15 is deemed incorrect on review by an appellate court, in the alternative, the Court reviewed the voluminous record in this case, including numerous photographs, documents, and trial testimony, and concluded that Cypress had not proved by a preponderance of the evidence that Griffin, through Delaney, failed to provide a sound location for drilling. Cypress was given ample opportunity to argue the merits of its case prior to the Court's issuance of its Opinion. It is not entitled to a new trial to try to convince this Court that its decision was wrong.

## III. CONCLUSION

For the foregoing reasons, Cypress's Motion for New Trial is DENIED.

MONROE, LOUISIANA, this __20__ day of __May__, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE